

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 28, 2005

Elliot M. Weinstein, Esq.
228 Lewis Wharf
Boston, MA 02210

Re: Anne M. Butkovitz
    Criminal No. 05- *10128- DPW*

Dear Mr. Weinstein:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Anne M. Butkovitz ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date but in no event later than May 27, 2005, Defendant shall plead guilty to the one Count Information filed in the above-captioned case. Defendant agrees to waive any defects in the Information. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Information and is in fact guilty of that offense.

2. Penalties

Defendant faces the following maximum penalties: Five (5) years of imprisonment; $250,000 fine; three (3) years of supervised release and a $100 special assessment.

3. Sentencing Guidelines

The parties agree to jointly take the following position at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing Guidelines: that U.S.S.G.

Mr. Weinstein
April 28, 2005

§ 2B1.1(a)(2) is the applicable guideline provision and that Defendant's base offense level thereunder is 6. In addition the parties agree that a two level enhancement for abuse of a position of trust is appropriate under U.S.S.G. § 3B1.3.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit her conduct in the offenses of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)     Fails to provide truthful information about her financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime; and/or

(i)     Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that she may not withdraw her plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

Mr. Weinstein
April 28, 2005

### 4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

      (a)     Imposition of a six-month term of probation;

      (b)     Fine of $1,000; and

      (c)     Mandatory special assessment of $100.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as specifically described in paragraph 3, above.

### 5.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

Mr. Weinstein
April 28, 2005

### 6.    Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw her plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

### 7.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees that she will never participate in any manner in the conduct of any studies intended or required for submission to the United States Food and Drug Administration.

### 8.    Withdrawal of Plea By Defendant

Should Defendant move to withdraw her guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

### 9.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement without any limitation. In this regard,

Mr. Weinstein
April 28, 2005

Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

        10.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

        11.     Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

Mr. Weinstein
April 28, 2005

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jeremy M. Sternberg.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

MICHAEL K. LOUCKS
First Assistant U.S. Attorney

JEREMY M. STERNBERG
Assistant U.S. Attorney

Mr. Weinstein
April 28, 2005

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Anne M. Butkovitz
Defendant

Date: 6/7/05

I certify that Anne Butkovitz has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Elliot M. Weinstein, Esq.
Attorney for Defendant

Date: 4/7/05